IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SUZANNE McCOMBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-08-1114-C |
| | ) | |
| SYLVAN N. GOLDMAN CENTER | ) | |
| OKLAHOMA BLOOD INSTITUTE, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant for a number of years. In 2006 Plaintiff's immediate supervisor, Ronald Gilcher, M.D., retired. Dr. Gilcher was replaced by John Armitage, M.D. Defendant alleges that from the beginning of his employment, Dr. Armitage had difficulties with the manner in which Plaintiff was performing her job. In response, Plaintiff argues that she had performed her job in the same manner during her entire tenure at OBI. Ultimately, the working relationship between Plaintiff and Dr. Armitage failed and on August 27, 2007, Plaintiff's employment with OBI was terminated. Believing that her termination was improper, Plaintiff brought the present action raising claims under 42 U.S.C. § 2000e, et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; and for violation of Oklahoma's public policy.

Arguing that the undisputed material facts demonstrate that Plaintiff's claims must fail, Defendant filed the present motion seeking judgment in its favor.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **DISCUSSION**

Because Plaintiff offers no direct evidence of discrimination, her claims must be analyzed under the familiar burden-shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To establish a prima facie case of gender discrimination, Plaintiff must first demonstrate that (1) she is a member of a protected class,; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse action occurred in circumstances giving rise to an inference of discrimination. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142-43 (2000). To establish a prima facie case of age discrimination, Plaintiff must demonstrate that (1) she is a member of the protected class; (2) she was doing satisfactory work; (3) she suffered an adverse employment action; and (4) she has at least some evidence that Defendant discriminated against her because of her age. As for the public policy claim, establishing a prima facie case for either federal claim is sufficient to establish a prima facie case for the state law tort.

Defendant does not seriously dispute Plaintiff's ability to establish a prima facie case. Thus, the first step in the burden-shifting analysis is complete. The burden now shifts to Defendant to set forth a legitimate non-discriminatory reason for Plaintiff's termination. Defendant asserts that Plaintiff was terminated based on Dr. Armitage's business decision that Plaintiff had poor work performance. Thus, the burden now shifts back to Plaintiff to demonstrate that Defendant's stated reason is in fact pretext; that is, not the genuine motivating reason but rather disingenuous or sham reason. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998). In her attempt demonstrate that Defendant's

stated reason was a pretext for discrimination against older women, Plaintiff argues that she recognized a "pretty clear trend" of Dr. Armitage's desire to get rid of women. Plaintiff then purports to offer examples of other employees who she alleges were terminated in support of this trend. However, according to Plaintiff's own deposition testimony, each of the individuals Plaintiff relies on in support for this clear trend either left on their own accord or Plaintiff is unaware of the circumstances surrounding the end of their employment with OBI. Thus, Plaintiff's position that the employees were leaving based on gender discrimination is nothing more than pure speculation.

The Tenth Circuit has made clear that mere conjecture and/or subjective beliefs about an employer's motivations do not create a genuine issue of material fact. See Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006) ("'To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.'") (quoting Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 875 (10th Cir.2004)); Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988) ("mere conjecture that [an] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment"). Plaintiff has failed to offer anything other than her supposition or guess as to the existence of a "clear trend." Plaintiff has offered evidence demonstrating that Dr. Armitage treated her differently than her prior supervisor did, and she has offered evidence from which a reasonable jury could find that Dr. Armitage's treatment of Plaintiff was rude and inconsiderate. However, there simply is no evidence from which a reasonable jury could find that the rude and/or inconsiderate treatment was based on

Plaintiff's gender and/or age. As the Supreme Court has held, Title VII is not a "general civility code" and should be "directed only at discrimination because of sex." <u>Oncale v. Sundowner Offshore Svcs., Inc.</u>, 523 U.S. 75, 80 (1998). Plaintiff's state law based public policy claims fail for the same reasons that her federal law based claims fail. Thus, Defendant is entitled to judgment on each of Plaintiff's claims.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 24) is GRANTED. All other pending motions are STRICKEN as moot. A separate judgment shall issue.

IT IS SO ORDERED this 24th day of September, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge